# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 419 | **DATE** | 10/9/2002 |
| **CASE TITLE** | Hernandez vs. Select Beverages, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant defendant Select's motion (Doc 13-1) for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | OCT 1 0 2002 | |
| | Notified counsel by telephone. | | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GELEN C. HERNANDEZ,                           )
                                              )
                Plaintiff,                    )
                                              )
        vs.                                   )        02 C 0419
                                              )
SELECT BEVERAGES, INC.,                       )
                                              )
                Defendant.                    )



## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on a motion for summary judgment brought by

Defendant Select Beverages, Inc. ("Select"). For the reasons stated below, we grant

the motion for summary judgment.

## BACKGROUND

Plaintiff, Gelen Hernandez ("Hernandez") was employed by Select in a non-

union quality control lab tech position at the beginning of the year 2000. She was laid

off twice for limited periods during 2000 and was recalled each time. She was again

laid off on September 29, 2000 and was not recalled. On October 4, 2000, Hernandez

filed a charge of discrimination with the Illinois Department of Human Rights and the

Equal Employment Opportunity Commission. On October 31, 2001, the EEOC issued

a Notice of Right to Sue. On January 17, 2002, Hernandez filed a pro se EEOC form complaint against Select alleging discrimination on the basis of national origin.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-movant may not rest upon mere allegations in the pleadings, but must go beyond the pleadings and support its contentions with proper documentary evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

When a defendant files a motion for summary judgment, a pro se plaintiff must be provided with a "plainly worded notice" explaining a summary judgment motion and the consequences if the plaintiff fails to respond to the motion. *Houston v. Sidley*

& *Austin*, 185 F.3d 837, 838 (7th Cir. 1999); *See also Timms v. Frank*, 953 F.2d 281, 283 (7th Cir. 1992) (stating that notice must provide an explanation of Rule 56(e) and be worded in "ordinary English"). Also, because of the harsh consequences associated with a granting of summary judgment, courts should be "solicitous of pro se plaintiffs" when determining their compliance with procedural requirements and should be wary of terminating "legitimate lawsuits merely because of unskilled presentations." *Kincaid v. Vail*, 969 F.2d 594, 598-99 (7th Cir. 1992) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)); *but see Greer v. Board of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) (granting summary judgment because plaintiff's Local Rule 56.1 response "miserably failed" to comply with the rule); *Members v. Paige*, 140 F.3d 699, 702-03 (7th Cir. 1998) (indicating that pro se litigants must comply with procedural rules). It is with these principles in mind that we address the motion before us. We note that Select has sent notice to Hernandez in compliance with Local Rule 56.2 which provides appropriate notice regarding the summary judgment motion.

## DISCUSSION

Where an employer in a Title VII case brings a motion for summary judgment the plaintiff has two approaches that can be used to defeat the motion. Under the "direct" approach, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible

purpose, such as her race or national origin." *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Under the "indirect" approach the plaintiff must establish a prima facie case which will allow an inference of discrimination. *Id.* If a prima facie case is established, then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.*

In this case Hernandez has not presented any evidence or documentary support indicating that Select was motivated to lay her off or not recall her by a desire to discriminate against her on the basis of her national origin or any other impermissible factor. Neither has Hernandez established a prima facie case under the indirect approach. Hernandez has submitted a document entitled "Answer and Affirmative Defense to Statement of Material Facts" which for the most part does not answer Select's Local Rule 56.1 statement of facts. Hernandez also submitted a document entitled "In Defense of State of Mind" which, as with the answer to material facts, consists largely of irrelevant information such as definitions of insanity and extrasensory perception, pictures of lawns and bean plants with captions indicating

unhealthy areas, and the Code of Ethics and Standards of Practice of the National Association of Realtors.

Even if a prima facie case were established, Select has asserted a legitimate non-discriminatory reason for not recalling Hernandez and Hernandez has not shown that reason to be a pretext. Select claims that Hernandez was laid off and not recalled pursuant to a bona fide seniority system which is neutral in its operation. Section 703(h) of Title VII indicates that it is not an unlawful employment practice if an adverse job decision is made pursuant to a neutral bona fide seniority system that is not motivated by an intention to discriminate on the basis of national origin or other impermissible factors. 42 U.S.C. § 2000e-2(h). Select's practice in regards to non-union employees is that the person with the least seniority will be the first person to be laid off unless that person has special skills that are critical to the department that the person works in. Hernandez has not shown that she possessed special skills in the quality control department, nor has she responded to Select's 56.1 statement indicating that she has no special skills which would warrant recalling her before other employees with more seniority. Also, she has not presented any support to contradict Select's documentation that she was the worker with the least seniority in her department when laid off. In addition she has not responded to Select's 56.1 statement stating that she had the least seniority in the quality control department and that national origin played

no role in the decision to lay her off and not recall her. We find that no reasonable jury could find in favor of Hernandez even when considering the record in the light most favorable to her. Therefore, we grant the motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis we grant Defendant Select's motion for summary judgment.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: __October 9, 2002__